Opinion, of the court by
Mr. Justice Tkotteh:
There was a motion in this case by the defendants in error in the circuit court of Adams county, against Mark Izod, as sheriff of that county, for a judgment for the full amount of an execution which was placed in his hands in favor of the defendants in error. The motion was entered on the docket and notice filed on the 24th day of April, 1839, and on the 27th day of the same month, as appeared by the record, the plaintiff below, and the sheriff, naming him, appeared by their attorneys, and were fully heard on *433 the motion. The court rendered judgment according to the statute, for the amount of the execution with interest, without the five per cent, damages.
It is objected to this judgment, that no notice was served on the sheriff. This was not necessary, if he voluntarily appeared and contested the motion. The record shows this, and he should have objected if he had not been notified. It is also objected that the notice of the motion was not sufficient, because it did not alledge on what day the sheriff received the execution. But this comes too late, after a trial on the merits; the objection should have been made in the first instance; or if the proof did not show that it was received in time to levy, the fact should have been made a part of the record in the proper mode.
It is also insisted that the endorsement on the execution by the sheriff, of “ no property found in my county on which to levy,” is prima facie evidence that it was returned on the return day. But this by no means follows as a legal inference. The return of the execution into the office of the clerk is a fact in pais, and depends for its proof on parol testimony. The sheriff may note in what manner he has executed a writ of fieri fucias, and then put it in his pocket, and keep it for months beyond the term to which it is returnable. The return can only be taken as evidence of the fact which it professes to state. The case of Anderson v. Cunningham, 1 Alabama Reports, 48, is decisive of this question. The court there held that parol evidence was admissible to show when the execution was returned to the clerk’s office. The endorsement then was “No money made.”
Let the judgment be affirmed.